IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Theresa May Simonin, | ) | C/A No. 3:10-2808-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

The plaintiff, Theresa May Simonin, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on February 27, 2012. After being granted an extension of time to file objections to the Report, the plaintiff has timely done so and the court will address the objections herein.

## PROCEDURAL HISTORY

The plaintiff alleges disability as of September 11, 2001 due to fibromyalgia and depression. She was 45 years old at the time of her alleged onset of disability. The plaintiff has a high school education (GED) and a two-year technical degree in health science, with past relevant work as a mortgage broker, sales associate, and secretary.

### *The First Hearing*

The plaintiff's first application was denied initially and on reconsideration on May 27, 2005 by Administrative Law Judge (ALJ) Wilson. After the Appeals Council denied plaintiff's request for review, the plaintiff filed an action for review by this court, C/A 3:06-1083-JRM. The parties consented to hearing the case before the Magistrate Judge. In an order filed September 19, 2007, the Magistrate Judge remanded the action back to the Commissioner to consider medical records submitted to the Appeals Council and to evaluate plaintiff's fibromyalgia, credibility, and the opinion of her treating physician, in light of all of the evidence.

### *The Second Hearing*

Upon remand to a different ALJ (Judge Vogel), another hearing was held on

2

February 7, 2008 and additional medical evidence was entered on the record. On March 28, 2008, ALJ Vogel issued a decision denying benefits and finding that the plaintiff was not disabled. On September 2, 2010, the Appeals Council considered plaintiff's statement of exceptions, but did not find that the ALJ erred following the instructions in the Magistrate Judge's order in the previous action (C/A No. 3:06-1083). The present case seeks judicial review of ALJ Vogel's decision denying benefits.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make

credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national

economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## Discussion

### The ALJ's Findings

The ALJ found that plaintiff's fibromyalgia and depression were severe, but that her impairments did not meet or equal any impairment in the Listings. The ALJ evaluated plaintiff's subjective complaints and found they were not fully credible. He considered the medical opinions of record in finding that the plaintiff had the RFC to perform more than a reduced range of light work. He also noted that while the plaintiff's fibromyalgia was severe, he did not find it as limiting as the claimant/plaintiff had alleged.

### The Plaintiff's Claims

The plaintiff contends that the ALJ erred by (1) failing to follow the proper legal standards for evaluating the diagnosis and the disabling effects of plaintiff's fibromyalgia syndrome; (2) disregarding the opinion of the plaintiff's treating rheumatologist that her RFC would preclude her from engaging in substantial gainful

employment; and (3) that the ALJ's decision is not supported by competent substantial evidence.

The Commissioner contends that the ALJ's decision is supported by substantial evidence and free of legal error, arguing that (1) the ALJ properly evaluated plaintiff's fibromyalgia and did not rely exclusively on the normal objective findings; (2) the ALJ reasonably concluded that Dr. Niemer's opinions as to plaintiff's functional abilities was entitled to little weight; and (3) that reversal for payment of benefits is not an appropriate remedy.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge opines that the Commissioner's decision is based upon substantial evidence and free of legal error and that the decision should be affirmed.

DISCUSSION

Although this court may make a *de novo* review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*The Plaintiff's Objections to the Magistrate Judge's Report*

The plaintiff's objections are broad and generally duplicative and of the issues previously raised in her brief to and addressed by the Magistrate Judge in his Report and Recommendation.

6

Plaintiff's only specific objection is the assertion that the Magistrate Judge misstated the law when in the concluding paragraph (R&R at 21–22), the Report states that the court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence, citing *Richardson v. Perales*, 402 U.S. 389 (1971). The plaintiff points out that not only does the court have to determine whether the ALJ's decision is supported by substantial evidence, *but also* whether the ALJ applied the correct legal standards.

However, on page 3 of the Report and Recommendation, the Magistrate Judge properly sets out what the court must determine in reviewing this type of case:

> The only issues before this Court are whether correct legal principles were applied and whether the Commissioner's findings of fact are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389 (1971); Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). Under 42 U.S.C. §§ 423(d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, Plaintiff has the burden of proving disability...

The undersigned finds that the Magistrate Judge has not misstated the law and that he has properly reviewed the matters before him under the correct standards of law. Plaintiff's objection is overruled.

Plaintiff's other objections reiterate the same arguments made in her briefs with regard to the ALJ's alleged fundamental misunderstanding of the nature of fibromyalgia and his failure to apply the proper legal standard for the evaluation of treating physicians' opinions. The difference now is that the plaintiff asserts that the Magistrate Judge in his Report is "continu[ing] the error of the ALJ and the

7

Commissioner" and "continu[ing] the mistake of the ALJ of cherry-picking the evidence." The plaintiff again urges the court, as she did the Magistrate Judge, to adopt the conclusion of United States District Judge Henry Herlong in his case, *Boineau v. Barnhart*, 378 F.Supp. 2d (D.S.C. 2005). The court has carefully reviewed the Magistrate Judge's Report and Recommendation on these issues and finds it to be proper. Accordingly, the plaintiff's objections are overruled.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court adopts the Magistrate Judge's Report and Recommendation. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 22, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge